IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICALAH O'HARA and**
**DONALD J. SZELAG,**

      **Plaintiffs,**

vs.                                         No. CIV 02-0249 LCS/KBM

**SCHNEIDER NATIONAL CARRIERS, INC.**
**a Wisconsin Corporation, SCOTT ASHLEY,**
**and TERRY WENTZ,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for an examination of Plaintiffs' Complaint to ascertain the existence of federal jurisdiction in this matter. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the Complaint, relevant law, and being otherwise fully advised, finds the allegations of the Complaint sufficient to confer diversity jurisdiction.

On March 5, 2002, Plaintiffs filed their Complaint in this Court, alleging jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs allege that at about 2:00 p.m. on October 28, 2001, they were driving eastbound on Interstate 10 in a 1994 Ford van when New Mexico State Police Officer Keith Hanker engaged his emergency lights and pulled them over. (Compl. ¶ 8.) Plaintiffs aver that while they were stopped on the shoulder, Defendant Ashley drove a 1999 Freightliner tractor-trailer off the interstate, striking both Officer Hanker's police car and "the van containing Plaintiffs O'Hara and Szelag with such force that great bodily injury and damages were caused to Officer Hanker, Plaintiff O'Hara, Plaintiff Szelag, and the vehicles involved." (Compl.

¶ 10.) Plaintiffs advance claims for negligence per se, negligence, prima facie tort, as well as negligent hiring, retention and supervision. Plaintiffs seek both compensatory and punitive damages.

Officer Keith Hanker and Leslie Hanker filed suit against Defendants on December 19, 2001, seeking to recover for injuries suffered by Officer Hanker in the case styled *Keith Hanker and Leslie Hanker v. Schneider National Carriers, Inc., Scott Rayburn Ashley, and Terry Wenz*, and numbered CIV 01-1417 JP/KBM. On April 1, 2002, Plaintiffs filed a Motion to Consolidate in the *Hanker* case, requesting that it be consolidated with the *O'Hara* case. (*Hanker*, Doc. 17.) Defendant Ashley responded to the Motion to Consolidate by alleging lack of diversity jurisdiction in the *O'Hara* case because Plaintiffs may not have satisfied the amount in controversy requirement. (*Hanker*, Doc. 20.) On June 18, 2002, Chief United States District Judge James A. Parker deferred ruling on the Motion to Consolidate until the jurisdictional issue in the *O'Hara* case had been addressed. (*Hanker*, Doc. 20.) Accordingly, I reviewed the *O'Hara* Complaint to ascertain whether the Complaint is sufficient to confer diversity jurisdiction.

For diversity jurisdiction to arise, the citizenship of all plaintiffs must be diverse from the citizenship of all defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Diversity of citizenship is undisputed; Defendant Ashley challenges the amount in controversy only. When the amount in controversy is challenged, Plaintiffs must show to a legal certainty that they can recover the jurisdictional amount at the time the complaint was filed. *Watson v. Blankinship*, 20 F. 3d 383, 386 (10th Cir. 1994). Punitive damages are included in the calculation of the jurisdictional amount. *Geoffrey E. MacPherson v. Brinecell, Inc.*, 98 F. 3d 1241, 1245 (10th Cir. 1996). Plaintiffs allege that they were injured when a tractor-trailer veered off the interstate, crashing into a police car and their van. They further allege that they

suffered "great bodily injury." Based on these allegations, it appears to a legal certainty that Plaintiffs' damages, including punitive damages, would satisfy the amount in controversy requirement. The face of the Complaint is sufficient to withstand *sua sponte* scrutiny on the issue of the amount in controversy requirement of 28 U.S.C. 1332(a). This decision is without prejudice to any Motion to Dismiss under FED.R.CIV.P. 12(b)(1).

**IT IS SO ORDERED.**

                                        **LESLIE C. SMITH**
                                        **UNITED STATES MAGISTRATE JUDGE**